IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ROY A. WATSON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 1:06-cv-01594 RCL |
| | ) | |
| UNITED STATES | ) | |
| | ) | |
| Defendant. | ) | |

<u>MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION TO DISMISS</u>

This is a suit brought under 26 U.S.C. § 7431 for the recovery of damages allegedly caused by the disclosure of confidential return information by the Internal Revenue Service (Service). Plaintiff's complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

QUESTIONS PRESENTED

Section 7433(a) provides, with one exception not pertinent here, that it "shall be the exclusive remedy for recovering damages" for unauthorized or improper collection actions. 26 U.S.C. § 7433(a). Plaintiff's unauthorized disclosure claim relates to a notice of federal tax lien filed by the Service. Can Plaintiff recover under 26 U.S.C. § 7431 when his claim is based on a collection action?

An action under 26 U.S.C. § 7433 must be brought within two years after the date of discovery of unauthorized disclosure. 26 U.S.C. § 7433(d)(3). Where Plaintiff

submits a taxpayer's copy of a notice of federal tax lien prepared on October 8, 2002, should Plaintiff's claim be barred by the statute of limitations?

Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative remedies available to such plaintiff" before a judgment for damages may be awarded. 26 U.S.C. § 7433(d)(1). Plaintiff has failed to meet his burden with respect to this requirement. Because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiff's claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code. 26 U.S.C. § 6103. Pursuant to exceptions provided in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Internal Revenue Code relating to establishment of liens. 26 U.S.C. § 6103(k)(6). Did the Service violate section 6103 in filing the notice of federal tax lien?

## STATEMENT OF FACTS

1. Introduction

On or about September 13, 2006, Plaintiff, acting *pro se*, filed a complaint in the above captioned matter. Plaintiff seeks to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint. (Compl. ¶ 1.)

    2. <u>The present action for "wrongful disclosure" under section 7431</u>

Plaintiff argues that he is the subject of ongoing, unauthorized collection action by the Service, and that "on or about 2002," Service agents caused "notice(s)" of federal tax liens to be recorded with the "County Recorder/Register of Deeds of Utah, County, State of Utah." (<u>Id</u>. ¶¶ 4, 5.)  Plaintiff alleges that each notice of federal tax lien wrongfully discloses tax return information, and that the disclosure has caused Plaintiff substantial mental and emotional distress and has subjected him to the possibility of identity theft.  (<u>Id</u>. ¶¶ 6, 7, 8.)

Plaintiff bases his cause of action in 26 U.S.C. § 7431, which he maintains provides taxpayers with a cause of action for statutory and/or actual and punitive damages against the United States in the event that a Service agent makes any unlawful disclosure of return information in violation of 26 U.S.C. § 6103.  (<u>Id</u>. ¶ 14.)

Attached to Plaintiff's complaint is the taxpayer's copy of a notice of federal tax lien, prepared and signed on October 8, 2002, and filed with the County Recorder, Utah County, Provo, Utah.  (<u>Id.</u> ¶ 5, Attachment.)  The notice of federal tax lien indicates that Plaintiff has at least $9,169 in unpaid tax liabilities for the years 1996-1998.  (<u>Id.</u>)  The notice of federal tax lien identifies Plaintiff by name, address, and identifying number. (<u>Id.</u>)

3. <u>The pending action under section 7433</u>

Plaintiff has previously filed a complaint against the United States under the authority of 26 U.S.C. § 7433 (hereinafter Plaintiff's Section 7433 complaint).[1]  Compl., <u>Roy A. Watson v. United States</u>, No. 1:06-cv-00058 (D.D.C. filed Jan. 12, 2006). Plaintiff's Section 7433 complaint alleged a variety of forms of misconduct by the Service.  (<u>Id.</u>)  In that complaint, Plaintiff acknowledged that 26 U.S.C. § 7433 is Plaintiff's exclusive remedy.  (<u>Id.</u> ¶ 25.)  Plaintiff later filed an amended complaint alleging that the Service wrongfully disclosed tax return information by filing notices of federal tax lien.  Am. Compl., <u>Roy A. Watson v. United States</u>, No. 1:06-cv-00058, 17 (D.D.C. filed Aug. 31, 2006).  That action is currently pending.

ARGUMENT

**I. Standard of Review**

When determining a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the allegations and facts in the complaint in a light most favorable to the plaintiff, and must grant the plaintiff the benefit of all inferences that can be derived from those facts.  See <u>Barr v. Clinton</u>, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  The court need not accept inferences or conclusory allegations that are unsupported by facts set forth in the

---

[1] The United States asks that the Court take judicial notice of the information contained in Plaintiff's previous filings in <u>Roy A. Watson v. United States</u>, No. 1:06-cv-00058 (D.D.C.).  Upon request, a court will take judicial notice of its own files.  Fed. R. Evid. 201(d); <u>Hinton v. Stein</u>, 278 F. Supp. 2d 27, 29 (D.D.C. 2003).

complaint. See Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994).

When determining a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations closer scrutiny than would be required for a rule 12(b)(6) motion because the plaintiff has the burden of proof to establish jurisdiction. See, e.g., Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). This scrutiny permits the court to consider material outside of the pleadings in its effort to determine whether it has jurisdiction. See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682, at *2 (D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir. 1992).

## II. Section 7433 Is Plaintiff's Exclusive Remedy

Plaintiff's section 7431 claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive remedy for allegedly unauthorized or improper collection actions, and this Court therefore lacks subject matter jurisdiction over this claim. Disclosures of return information allegedly made in the course of collection actions are subsumed within this exclusive remedy.

Section 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or

> by reason of negligence, disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States.  Except as provided in Section 7432, such civil action <u>shall be the exclusive remedy for recovering damages resulting from such actions</u>.

26 U.S.C. § 7433(a) (emphasis added).  By its own terms, the statute is the "exclusive remedy" for the violation of "any provision of this title" that occurs in the course of federal tax collection.  <u>Id</u>.  Congress provided only one exception to section 7433's exclusivity, and that is section 7432.  <u>Id</u>.

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433.  <u>Cf</u>. <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation.").  Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception along with section 7432.  <u>Cf</u>. <u>Connecticut Nat'l Bank v. Germain</u>, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions.  The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a

regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax."  H.R. Conf. Rep. No. 100-1104, at 228-29, reprinted in 1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433.  In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case.  Shwarz v. United States, 234 F.2d 428 (9th Cir. 2000).  In Shwarz, the plaintiffs claimed that Service employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter plaintiffs' place of business to effect a levy and when revenue officers posted seizure notices at plaintiffs' place of business.  Id.  Because the alleged unauthorized disclosures occurred in connection with tax collection activities, the court ruled that the suit had to proceed under section 7433 and not section 7431.  Id.  See also Elias v. United States, No. 90-0432, 1990 WL 264722, at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir. 1992).  The Court has recently affirmed the holding in Shwarz and the exclusivity of section 7433.  Jimmie D. Ross v. United States, 2006 WL 3250831, mem. op. at 15 (D.D.C. Nov. 10, 2006).

In sum, section 7433 is the exclusive remedy for disclosures allegedly made during tax collection activities. Plaintiff's unauthorized disclosure claim relates to a notice of federal tax lien filed with the county recorder. Accordingly, Plaintiff's unauthorized disclosure claim relates to the Service's collection activities. See Opdahl v. United States, No. 98-0262, 2001 U.S. Dist. LEXIS 14098 (D.D.C. Aug. 16, 2001) (noting that the filing of notices of liens is a collection activity).

Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction and the claim should be dismissed under Fed. R. Civ. P. 12(b)(1). To hold otherwise would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or to elect the more favorable scheme of relief, depending on the alleged violation. Congress did not intend to allow a taxpayer to receive double recovery for the same conduct, or to shop for the more favorable remedial scheme.

### III.  Plaintiff's Claim Is Barred by the Statute of Limitations

Section 7433(d)(3) provides a two-year statute of limitations for claims of wrongful collection. All such claims must be brought within two years after the date the right of action accrued. Ibid.; Gandy Nursery, Inc. v. United States, 412 F.3d 602, 603n.3 (5th Cir. 2005); Dziura v. United States, 168 F.3d 581, 582 (1st Cir. 1999); Bright v.

United States, 446 F. Supp. 2d 339, 344, 345 (E.D. Pa. 2006).[2]  If a waiver of sovereign immunity contains a limitations period, a plaintiff's failure to timely file suit deprives the court of jurisdiction.  Gandy v. United States, 234 F.3d at 283.

Plaintiff's complaint is based exclusively on the alleged disclosure made in the October 8, 2002 notice of federal tax lien filed with the County Recorder in Utah County, Provo, Utah.  While his complaint fails to allege when he learned of the disclosure, Plaintiff attached the taxpayer's copy of the notice of federal tax lien. (Compl., Attachment.)

It can be presumed therefore, that Plaintiff, having received the taxpayer's copy, had knowledge of any disclosures on or about the date listed on the notice.

Plaintiff did not file his complaint until September 13, 2006, and therefore the Court should dismiss the matter pursuant to Fed. R. Civ. P. 12(b)(6).

### IV. Plaintiff's Claim Is Barred Because the Predicates of Section 7433 Have Not Been Met

Assuming arguendo that the Plaintiff had properly brought his suit pursuant to section 7433, the Court should nonetheless dismiss Plaintiff's complaint because the predicates of section 7433 have not been met.

---

[2] Section 7431(d) states that any action under this section may be brought within two years after the date of discovery by the plaintiff of the unauthorized disclosure.  26 U.S.C. 7431(d); Gandy v. United States, 234 F.3d 281, 283 (5th Cir. 2000).  Therefore, even if Plaintiff's action were proper under section 7431, the claim would be subject to an identical temporal limitation.

It is well settled that the United States is immune from suit, unless its sovereign immunity has been waived. Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940). It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be sued. United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395 U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing suit in federal district court for damages, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(d)(1). "A judgment for damages shall not be awarded under [section 7433] subsection (b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." Id.

The Secretary of the Treasury of the United States has promulgated regulations governing the administrative claim for damages under 7433. 26 C.F.R. § 301.7433-1(e). The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages...shall be sent in writing to the Area Director, Attn; Compliance Technical Support Manager of the area in which the taxpayer currently resides.

Id. The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives, and such claim must include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the

taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonable foreseeable; and (4) the signature of the taxpayer. 26 C.F.R. § 301.7433-1(e)(1) and (2). Failure to comply with this regulation deprives a court of jurisdiction. See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v. United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224, 227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit waiver of the government's sovereign immunity from suit.'" Holt v. Davidson, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (citing People of Cal. ex. rel. Ervin v. Dist. Dir., 170 F. Supp. 2d 1040, 1048 (E.D. Cal. 2001)). In the instant matter, Plaintiff makes no assertions concerning his pursuit of administrative remedies. Therefore, Plaintiff has not adequately met his burden in alleging that the United States has unequivocally waived its sovereign immunity. Because Plaintiff has not met his burden in proving exhaustion of administrative remedies, this Court does not have jurisdiction over his claim and should dismiss the complaint.[3]

---

[3] There is conflicting case law in the Court concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6). Compare, e.g., Turner v. United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006) with Glass v. United States, 424 F. Supp. 2d 224, 227 (D.D.C. 2006). It is the position of the United States that as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit. However, because the instant matter was brought pursuant to section 7431 rather than section 7433 and the basis of dismissal for failure to exhaust administrative remedies under section 7433 is only an ancillary issue, the United States respectfully moves to dismiss the action pursuant to 12(b)(1) or in the
(continued...)

### V. Plaintiff Fails to State a Claim Because There Was No Unlawful Disclosure

Even if this case were properly before the Court under either 26 U.S.C. §§ 7431 or 7433, Plaintiff has not alleged a claim in violation of 26 U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation of section 6103 other than in the collection process. 26 U.S.C. § 7431. Section 7433 protects taxpayers from negligent or intentional violations of section 6103 in the collection process. 26 U.S.C. § 7433. Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed. Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987). The Internal Revenue Code contains a number of detailed exceptions to this general rule of non-disclosure. Specifically, section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official duties relating to any...collection activity...disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available...with respect to the enforcement of any other provisions of this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe in regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section

---

(...continued)
alternative, 12(b)(6).

6103(k)(6). Because section 6103(k)(6) directs the Secretary of the Treasury to promulgate regulations controlling the situations and conditions under which disclosure is permitted, the resulting regulations are so-called "legislative regulations," and are entitled to special deference from the courts. See, e.g., Chrysler Corp. v. Brown, 441 U.S. 281, 301-03 (1979). Regulation 301.6103(k)(6)-1(b) states:

> In connection with the performance of official duties relating to any…collection activity…an officer or employee of the Service…is authorized to disclose return information…in order to obtain necessary information relating to the following- (6) [T]o locate assets in which the taxpayers has an interest…[and] to apply the provisions of the Code relating to establishment of liens against such assets.

26 C.F.R. § 301.6103(k)(6)-1(b) (2000).

Section 6103(k)(6) and the accompanying regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the…filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." Elias v. United States, No. 90-0432, 1990 WL 264722, at *5 (C.D. Cal. Dec. 21, 1990). See also, Long v. United States, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien.").

Although section 6103(k)(6) and the regulations paint broad strokes of authority, they do not allow for unbridled disclosure. Regulation 301.6103(k)(6)-1(b) provides:

> Disclosure of return information to a person other than the taxpayer to whom such return information relates…for the purpose of otherwise accomplishing any

> activity described in subparagraph (6) of this paragraph should be made, however, only if…the activities described in subparagraph (6) of this paragraph cannot otherwise properly be accomplished without making such disclosure.

26 C.F.R. § 301.61039k)(6)-1(b) (2000).  Given that section 6323 of the Internal Revenue Code provides that a tax lien must be recorded by the Service in order to be effective against other liens, 26 U.S.C. § 6323, it follows that the filing of federal tax liens is necessarily authorized under the Internal Revenue Code.  Congress would not have made an action simultaneously mandated under one section and prohibited under another.  And under section 6103, when disclosure is authorized under the Internal Revenue Code, there is no violation of that section.

In the instant case, it cannot be disputed that the notice of federal tax lien was filed in connection with the official duties of the Service in attempting to collect the Plaintiff's tax liabilities.  Had the information not have been disclosed, creditors of the Plaintiff would have no way to discover the existence of the liens.  "Indeed, the purpose of recording the lien…is to place the public on notice of the lien." William E. Schrambling Accountancy Corp. v. United States, 397 F.2d 1485, 1489 (9th Cir. 1991).  The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6) and therefore there can be no liability under sections 7431 or 7433.

CONCLUSION

Plaintiff's exclusive remedy is found in section 7433, and therefore the complaint should be dismissed. In the alternative, Plaintiff's claim should be dismissed because his claim is barred by the statute of limitations or his failure to exhaust administrative remedies under the Internal Revenue Code. In the alternative, there has been no violation of section 6103, and therefore the complaint should be dismissed.

DATE: November 15, 2006

                                              Respectfully submitted,

                                               /s/ Nicole M. Stoduto
                                              NICOLE M. STODUTO
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              Post Office Box 227
                                              Washington, DC 20044
                                              Telephone: (202) 616-9785
                                              Facsimile: (202) 514-6866
                                              Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney