

RECEIVED
JAN 8 - 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Roy A Watson

        Plaintiff(s),        Case No. 1:06cv01594

v.

United States
        Defendant.

### RESPONSE TO UNITED STATES' NOTICE OF RELATED CASES

Defendant has filed a frivolous and unwarranted pleading entitled Notice of Related Cases. Plaintiff(s) allege(s) that defendant's Notice of Related Cases is brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law and insults the intelligence of this court and the plaintiff(s). Counsel complains to the court that plaintiff's complaint is nearly identical to a submitted list of complaints filed in this court.

In making the claims set forth, defense counsel has opened the door to questions regarding the inner workings of his/her department. Plaintiff(s) demand(s) to know exactly how many of these 'nearly identical' cases counsel is responsible for answering. Does Counsel claim to be responsible for answering every case on the submitted list? Counsel has wasted the Courts' and the plaintiff('s)(s') time by squandering his/her efforts on cases other than the ones to which he/she is assigned. If Counsel admits to only being

responsible for one or two cases, counsel has clearly attempted to misrepresent the facts before the Court. Plaintiff(s) do/does not understand Defense Counsels whining. Plaintiff(s) request(s) the Court render a determination as to whether or not Counsel for the Defense is claiming incompetence.

Plaintiff(s) have no idea what counsel wishes either the plaintiff(s) or the court to do with defendants'Notice of related cases.' Said pleading does not ask for a response from the plaintiff(s) nor does it request a response from the court, nor does it present any cognizable issue that is relevant to any matter raised in plaintiff('s) complaint.

The record shows that plaintiff(s) has/have no cases relating to IRC §7431 in this Court or any other United States court. Plaintiff(s) have/has no knowledge of the cases listed in counsel's Notice of Related Cases. Plaintiff(s) have/has not been served copies of the listed cases, nor have/has plaintiff(s) read the listed cases. Plaintiff(s) have/has no knowledge as to who plaintiff(s) is/are in the listed cases. Plaintiff(s) is/are not part of any concerted, organized effort regarding 26 U.S.C. §7431. Plaintiff(s) is/are only seeking redress under plaintiff(s) right to tort damages because defendants' agent has unlawfully disclosed taxpayer information and has subjected plaintiff(s) to possible identity theft. To the extent that the listed cases allege facts similar to the facts alleged in plaintiff(s)' complaint the listed cases are sufficient to establish a pattern of unlawful activity on the part of the IRS.

Plaintiff(s) request(s) the court to regard defendants' notice as an admission of a pattern of unlawful activity, in violation of 18 U.S.C. §1964(a) - racketeering, by the IRS, and take judicial notice that the aforementioned Notice of Related Cases is evidence that others are also complaining that the IRS is engaging in similar pattern of unlawful activity.

Plaintiff(s), additionally, respectfully request(s) the Court render a determination as to whether defense counsel should be required by the Court to identify exactly how many of the alleged identical cases defense counsel has entered motions and/or answers into this court or in the alternative strike counsel's pleading and grant sanctions to plaintiff(s) to compensate plaintiff(s) for his/her/their time to respond to counsel's frivolous pleading.

Dated _12-30_, 2006

_Roy A Watson_
Roy A Watson
PO Box 766
Provo, UT 84603

## CERTIFICATE OF SERVICE

I certify that I have served a copy of the foregoing on:

Nicole M Stoduto
U.S. Dept. of Justice
P O Box 227
Washington, DC 20044

Dated __12-30__, 2006

_____
Roy A Watson

Roy A Watson
PO Box 766
Provo, UT 84603

Nicole M Stoduto
U.S. Dept. of Justice
P.O. Box 227
Washington, D.C. 20044

RE:   Roy A Watson,
      vs
      United States
      Case No. 1:06cv01594 RCL

Dear Mr. Stoduto:

I/we am/are writing regarding your recent Motion to Dismiss wherein you attempt to combine §§ 7431 and 7433. It appears that you are trying to use 7433 as though it repeals, by stelth, 7431. Additionally, you appear to be attempting to treat my/our 7431 as though it is a collection action. You know very well that 7431 and 7433 are stand alone sections of the code and that they operate independently of each other. 7431 deals with unlawful disclosure. 7433 deals with disregarding any section of the code and/or its regulations.

It is well settled in the courts that sections 7431 and 7433 do not address the legitimacy of the collection process, and that whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy. The plain language of the Internal Revenue Code supports the contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful. The propriety of the underlying collection action is irrelevant to whether disclosure is authorized under section 6103. Section 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103. As stated above and as a threshold matter the validity of the underlying lien and levy is wholly irrelevant to the disclosure issue. This makes your argument frivolous, without merit and without any basis whatsoever in law or in fact.

Please treat this correspondence as your Rule 11 notice that you have 21 days to withdraw your frivolous motion to dismiss. Your failure to do so will result in a motion for sanctions being filed with the court.

As always I/we am/are

*Roy A Watson*
Roy A Watson
Dated __12-30__, 2007

cc: U.S. District Court, District of Washington D.C.